UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS CASUALTY AND
SURETY COMPANY,
a Connecticut corporation,

    Plaintiff,

v.                                            Case No. 01-71057

CONSTITUTION REINSURANCE           HONORABLE AVERN COHN
CORPORATION, a New York
corporation,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

I. Introduction

This is a reinsurance case. Plaintiff Travelers Casualty and Surety Company (Travelers), formerly known as Aetna Casualty and Surety Company (Aetna), insured Dow Chemical Company (Dow Chemical) and its affiliate, Dow Corning Corporation (Dow Corning), against various casualty losses. Defendant Constitution Reinsurance Corporation (CRC) reinsured some of the policies. Dow Chemical incurred liability to third parties based on its silicone breast implant devices and chemical products. Dow Chemical and Travelers settled on the insurance amounts due and separately agreed on the allocation of the losses among the policies. Travelers is now suing CRC to recover the benefits of the reinsurance agreements. Travelers makes four claims:

    (1)    declaratory judgment regarding CRC's reinsurance obligations as to the Dow Chemical breast implant claims;

(2) breach of contract as to the Dow Chemical breast implant claims;

(3) declaratory judgment regarding CRC's reinsurance obligations as to Dow Chemical's chemical product claims; and

(4) breach of contract as to the Dow Chemical chemical product claims.

CRC filed a motion for partial summary judgment on the grounds that the limits of its multi-year reinsurance contracts cannot be annualized. The Court agreed and granted CRC's motion. See Amended Memorandum And Order Granting Defendant's Motion for Partial Summary Judgment, filed August 16, 2004.

Travelers' then filed a motion for summary judgment. The Court denied the motion on the grounds that there are genuine issues of material fact with respect to the Travelers' reinsurance allocation decisions. See Order filed July 20, 2005.

Before the Court is Travelers' motion for reconsideration of the August 14, 2004 order on the grounds that the authorities upon which the Court relied have been recently overturned. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE.

II. Discussion

A.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Travelers says that because CRC relied only on two district court cases from the

District of Massachusetts which the Court of Appeals for the First Circuit recently reversed and because the Court "heavily relied" on this authority in its decision, the Court should reconsider its decision.

B.

CRC issued three reinsurance certificates to Travelers, two three-year reinsurance certificates and one one-year reinsurance certificate. The language of the three-year certificates are at issue regarding allocation. CRC reinsurance certificate #G95-190 provided reinsurance for "$1,000,000 part of $4,500,000 part of $15,000,000 excess of underlying insurance per section 3 of the company's policy." CRC reinsurance certificate #62942 provided reinsurance for "$1,000,000.00 each occurrence and in the aggregate where applicab[l]e part of $4,000,000 part of $8,000,000 part of $15,000,000 which in turn is excess of $24,000,000."[1]

The essential dispute posed by CRC's motion was whether the $1 million per occurrence limits in the three-year reinsurance certificates may be annualized. Travelers asserted that they should be annualized and that it could therefore obtain reinsurance coverage up to $3 million for each certificate. CRC asserted that they should not be annualized and reinsurance coverage was therefore limited to $1 million for each certificate.

The Court agreed with CRC. The Court first stated that based on Michigan principles of contract law, the language of the reinsurance certificates was not ambiguous and "provide[ed] coverage up to $1 million for each occurrence during the

---

[1] Although the #G97-190 does not use the term "per occurrence," but rather "part of" the parties agree that it is to be read as providing "per occurrence" coverage.

3

relevant time period, not $1 million each year for each occurrence."  Memorandum and Order at p. 10.

The Court also rejected Travelers' argument that the "follow the fortunes" clauses in the reinsurance certificated is such that because Travelers settled with Dow on an annualized basis, CRC was also bound to pay a "proportion" that is annualized.  The Court stated:

> While the "follow the fortunes" clauses may apply to Travelers' handling of Dow's claims under the direct insurance policies, they do not apply when interpreting language in the separate and distinct reinsurance certificates.  Travelers does not have unilateral authority to cede any amount it chooses to its various reinsurers (even if done in good faith) under the "follow the fortunes" doctrine – it must abide by the bargained-for limits in the reinsurance certificates, which are unambiguous.

Memorandum and Order at p. 13.

Finally, the Court also noted that courts in two Massachusetts cases interpreted similar policy language to hold that "per occurrence" reinsurance policies may not be annualized absent express language in the certificates authorizing annualization: Commercial Union Ins. Co. v. Swiss Reinsurance Am. Corp., No. 00-12267, 2003 WL 1786863 (D. Mass. Mar. 31, 2003) and American Employers' Ins. Co. v. Swiss Reinsurance Am. Group, 275 F. Supp. 2d 29 (D. Mass. 2003) (the "Swiss Re cases").  The Swiss Re cases held that the "follow the fortunes" does not allow an insured to circumvent the stated limits of an insurance policy and could not be used to annualize explicit "per occurrence" policy limits.  The Court stated that these cases "further support the plain language reading of .. the reinsurance certificates."

At the July 27, 2004 hearing on CRC's motion, held prior to the issuance of its decision, the Court emphasized the precedential value of the Massachusetts cases and

4

noted that the First Circuit might rule on the issue.

On June 27, 2005, the First Circuit reversed the decisions in Swiss Re Cases. See Commercial Union Ins. v. Swiss Reinsurance Am. Corp., 413 F.3d 121 (1st Cir. 2005) and Am. Employers' Ins. Co. v. Swiss Reinsurance Am. Corp., 413 F.3d 121 (1st Cir. 2005).

C.

The motion will be denied. First, the Court is not bound by First Circuit authority. Beyond that, Travelers' statements that the Court "heavily relied" on the Swiss Re cases is not entirely accurate. While the Court may have made favorable comments at the hearing as to their application, a review of the Court's decision shows that the Court first determined, based on the express language of the reinsurance certificates, that they provide reinsurance up to $1 million for each occurrence, not $1 million each year for each occurrence. The Court then discussed the "follow the fortunes" doctrine and, in the third part of the analysis portion of the order, discussed the Swiss Re cases. Thus, notwithstanding the fact that the First Circuit reversed the Swiss Re decisions, the Court's holding that the reinsurance certificates may not be annualized is based on alternative reasoning, especially the express contract language. Moreover, as CRC points out, there are several decisions by courts across the country in the context of construing multi-year policies issued to direct insureds (not in reinsurance context), which hold that annualization is improper.

Travelers makes much of the fact that the reinsurance certificates contain "follow the fortunes" clauses. Travelers seems to be arguing that, in addition to the fact that the First Circuit decisions favor Travelers' position, the inclusion of "follow the fortunes"

clauses in the reinsurance certificates means that CRC is bound to follow Travelers' decision to settle with Dow Chemical Co. on an annualized basis.  This argument was the subject of Travelers' motion for summary judgment, which the Court denied on the record on July 20, 2005, and involves application of the "follow the fortunes" doctrine in the Dow - Travelers contract.  There are genuine issues of material fact regarding whether the "follow the fortunes" doctrine applies, given the fact that there is evidence in the record that Travelers, in settling with Dow, may have acted in bad faith to maximize its reinsurance recovery.  Therefore, Travelers is not entitled to summary judgment based on "follow the fortunes."  Thus, even if the "follow the fortunes" doctrine has some application, it cannot be said on the record as it stands that it automatically means that annualization applies.  Even if the Court were to find that the "follow the fortunes" clause applies so as to <u>permit</u> annualization, there is still an open question of whether Travelers acted in good faith.  The negotiations between Travelers and Dow must be fully explored before a final decision can be made.

    SO ORDERED.

                                                           s/Avern Cohn  
                                                          AVERN COHN  
Dated:   November 3, 2005               UNITED STATES DISTRICT JUDGE  
         Detroit, Michigan